IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | CRIMINAL NO.: 17-091 (CKK) |
| ) | |
| v. ) | |
| ) | VIOLATION: |
| STEVE HETRICK, ) | 18 U.S.C. § 514 |
| ) | (Fictitious Obligations) |
| ) | |
| _____ ) | |

## STATEMENT OF THE OFFENSE

Pursuant to Fed. R. Cr. P. 11, defendant STEVE HETRICK agrees and stipulates as follows:

1. On October 22, 2009, defendant STEVE HETRICK ("defendant" or "HETRICK") was charged by a federal grand jury sitting in the District Court for the District of Columbia in a nine-count Indictment in Case No. 09-cr-00277(CKK), specifically with Count One – conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349; in Counts Two through Six – wire fraud, in violation of 18 U.S.C. § 1343; in Count Seven – mail fraud, in violation of 18 U.S.C. § 1341; in Count Eight – conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h); and in Count Nine – interstate transportation of stolen property, in violation of §§ 2314 and 2. On January 14, 2010, HETRICK pled guilty to Count Seven - mail fraud, in violation of 18 U.S.C. § 1341, and Count Eight - conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h) of the Indictment. The remaining seven counts were dismissed at sentencing. Defendant Hetrick signed a Consent Order of Forfeiture in the amount of $2.2 million dollars and agreed to pay restitution to the victims.

2. On February 24, 2011, HETRICK was sentenced to a term of 54 months on each counts to run concurrently and term of 36 months supervised release. The defendant was also

ordered to pay restitution in the amount of $2,416,066.17, and the Court entered an order of forfeiture.

3. On or about March 16, 2011, HETRICK reported to the Bureau of Prisons and served his sentence in Case No. 09-cr-00277(CKK). On or about July 16, 2015, after serving his term of incarceration, HETRICK was released from the Bureau of Prisons and placed on supervised release, which was assigned to the Eastern District of Virginia ("EDVA"). Shortly after HETRICK's release from prison, he devised a fraudulent scheme in order to eliminate his debt, including the debt he owed to the United States District Court for the District of Columbia.

4. In September 2015, HETRICK submitted a false financial obligation in the form of a purported check to the Clerk of the Court for the United States District Court for the District of Columbia to pay off his restitution balance. The check and accompanying paperwork were returned to HETRICK without being processed because the check was made out for slightly more than HETRICK owed.

5. On or about October 8, 2015, HETRICK submitted a false financial obligation in the form of a purported check to the Clerk of the Court for United States District Court for the District of Columbia, in the amount of $2,145,741.17, in order to pay his restitution obligation. This check, #1015, had a routing number associated with SunTrust Bank, an account number on it, and a notation in the memo section of the alleged monetary instrument of "EFT ONLY DISCHARGE OF DEBT." An employee of the Clerk of the Court contacted SunTrust Bank and learned that the account, whose number was listed on the check, was closed.

6. HETRICK had opened the above-referenced account with SunTrust Bank on September 11, 2015, with a deposit of $100. Shortly thereafter, on September 24, 2015, HETRICK closed the account by debiting the remaining amount of funds contained in the

account, which was $43.46. Despite knowing that the account was closed and never held more than approximately $100, HETRICK used the closed SunTrust Bank account number on the purported check that he presented to the Clerk of the Court on October 8, 2015.

7.   On or about October 15, 2015, HETRICK sent a letter to the Deputy Clerk of the Court along with a package of documents claiming that check #1015 was a negotiable instrument. On October 30, 2015, during a telephone call with the Deputy Clerk, HETRICK stated that he was aware that the account was closed, but that the check needed to be processed using the provided EIN, not the account number listed on the check. HETRICK was informed that the purported check could not be processed as he described. Nonetheless, on or about October 31, 2015, HETRICK sent the same package to the Clerk of the Court, which included check #1015, along with a Uniform Commercial Code ("UCC") filing, and requested that the fictitious check be processed as an electronic check conversion ("ECK") rather than an electronic funds transfer ("EFT") or check deposit.

8.   After October 2015, HETRICK stopped making regular monthly payments towards his restitution obligation. Previously, on or about September 18, 2015, HETRICK had sent an email to his Probation Officer in EDVA stating that he had paid off his restitution balance in its entirety. Later, in October 2015, when his Probation Officer asked HETRICK about how the defendant had paid off his restitution obligation, HETRICK falsely claimed that he had a $5 million U.S. Treasury trust account with the government because he was adopted.

9.   Beginning in September 2015, HETRICK's Probation Officer requested information from HETRICK about his assets and for financial records, including tax returns. HETRICK failed to timely turn over financial information and tax returns as directed. For example, HETRICK failed to inform his Probation Officer about a home equity line of credit that

his wife had established prior to HETRICK's imprisonment in the amount of $25,000. HETRICK activated the line of credit upon his release from prison in July 2015, withdrawing the $25,000.

10. On or about November 13, 2015, HETRICK submitted a check from his parents in the amount of $600 to the Clerk of the Court to get caught up with his restitution payments.

11. On or about July 28, 2016, a Probation Petition and Summons was issued relating to HETRICK's violations of his supervised release. On July 29, 2016, the Court issued a minute order setting a hearing for August 31, 2016.

12. On or about August 10, 2016, HETRICK filed with the District Court's Clerk of the Court another false monetary instrument. This fictitious monetary instrument was slightly different in that it was in the form of a purported cashier's check, #2141, labeled, "Pre-paid Preferred Stock, Restricted Accommodation Endorsement, Special Private Collections" for $2,414.141.17. Along with the purported check, HETRICK attached a letter stating that the cashier's check could be processed and withdrawn through HETRICK's purported account with the U.S. Department of the Treasury, by including the following language: "US Treasury Cesti Que Trust Account for STEVE HETRICK, 225886319."

13. On or about August 17, 2016, HETRICK sent an additional false monetary instrument to the Clerk of the Court for the United States District Court for the District of Columbia in the form of a purported "International Promissory Note" to pay off the balance of his restitution obligation. HETRICK claimed that he had sent similar documents to the United States Department of the Treasury. HETRICK alleged because he had presented this instrument to both branches of the government, the Clerk of the Court was obligated to discharge his restitution debt and the Department of the Treasury was obligated to pay.

14. On October 11, 2016, HETRICK filed a pleading with the Court claiming that his restitution obligation had been paid off and that the Clerk's office was obligated to discharge his debt despite knowing that: (a) none of the fictitious instruments that HETRICK presented to the Clerk of the Court could be processed; (b) HETRICK had no money of his own to pay for the balance of his restitution obligation; and (c) HETRICK had no confirmation from the U.S. Department of the Treasury that he was the beneficiary of any government trust account.

15. The United States District Court for the District of Columbia suffered no loss as a result of HETRICK's presentment of fictitious instruments to the Clerk of the Court. HETRICK understands that he still owes the balance remaining on his restitution obligations in Case No. 09-cr-00277(CKK).

Respectfully submitted,

CHANNING D. PHILLIPS
United States Attorney for the District of Columbia
D.C. Bar No. 415793

BY: _____
DIANE G. LUCAS, D.C. Bar. No. 443610
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530
(202) 252-7724 (Lucas)
Diane.Lucas@usdoj.gov

## DEFENDANT'S ACCEPTANCE

I have read every word of this Statement of Offense. Pursuant to Fed. R. Cr. P. 11, after consulting with my attorney, I agree and stipulate to this Statement of Offense, and declare under penalty of perjury that it is true and correct.

Date: 5/23/17

STEVE HETRICK
Defendant

I have discussed this Statement of Offense with my client. I concur with his decision to stipulate to this Statement of Offense.

Date: 5-23-17

ROBERT NEALON, ESQUIRE
Attorney for the Defendant